UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DR. ARIA OMAR SABIT,

    Defendant.
_____/

CRIM. CASE NO. 14-20779
CRIM. CASE NO. 15-20311

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**ORDER REGARDING DEFENDANT'S MEMORANDUM "REQUEST FOR A REDUCTION QUANTIFYING THE BENEFITS RECEIVED BY HIS PATIENTS FROM THE AMOUNT OF LOSS OCCASIONED BY THE OFFENSE OF CONVICTION" (Dkt. #104)**

Initially, the Court refers to the relevant Sentencing Guideline §2B1.1, and the relevant Commentary Application Note 3 with regard to arriving at "Loss":

> 3(A) <u>General Rule</u> . . . loss is the greater of actual loss or intended loss.
>     (i) <u>Actual Loss</u> . . . means the reasonably foreseeable pecuniary harm that resulted from the offense.
>     (ii) <u>Intended Loss</u> . . . (i) means the pecuniary harm that the defendant purposely sought to inflict.
>
> 3(E) <u>Credits Against Loss</u>, states that loss shall be reduced by the fair market value of . . . the services rendered by the defendant, to the victim before the offense was detected.

1

> 3(F)(viii) states that "in a case in which the defendant is convicted of a Federal health care offense involving a Government health care program, the aggregate dollar amount of fraudulent bills submitted to the Government health care program shall constitute prima facie evidence of the amount of the intended loss, i.e., is evidence sufficient to establish the amount of the intended loss if not rebutted.

## BACKGROUND

Defendant's Memorandum requests an opportunity to reduce the amount of loss by the fair market value of the services rendered to the victim before the offense was detected. U.S.S.G. §2B1.1(B)(1), App. Notes 3(E)(i), and F(ii).

Footnote 4 of Defendant's memorandum states that Defendant is requesting the opportunity to rebut the prima facie amount of intended loss established by the aggregate amount of fraudulent bills submitted to the Government health care program, pursuant to U.S.S.G. §2B1.1, App. Note 3(F)(viii). This opportunity is provided in the Sentencing Guidelines: this Court adheres to the Sentencing Guidelines.

Defendant cites to the Fifth Circuit decision in *United States v. Mahmood*, 820 F.3d 177 (5th Cir. 2016) and requests a judicial determination as to whether this decision will be "followed" by this Court.

The Government Response (Dkt. #107) contends that "While the United States has no objection to this basic legal proposition [regarding loss], (contained in U.S.S.G. 2B1.1, App. Note 3) it does oppose the methodology by which the defendant proposes to show such a reduction." (Dkt. #102, p.2)

The Government contends that all of the cases cited by defendant for the proposition that loss can be reduced by benefit or fair market value are simply not analogous to the facts of this case as they involve similar discrete financial losses, *Id.* at 4, and "the only health care fraud case cited by Defendant Sabit, *United States v. Mahmood*, 820 F.3d 177 (5th Cir. 2016) is distinguishable for similar reasons." *Id.* at 4. The Government contends that the Fifth Circuit decision in *Mahmood* was dealing with legitimate health care services for which Medicare would have paid but for the fraudulent upcoding, while in the instant case, the Government, citing *Mahmood* at 193-194, contends that Medicare would not have paid for the services, so Defendant is not entitled to any such credit. *Id.* at 5.

Defendant's reply (Dkt. #108) states that, contrary to the Government's response, that assumes Defendant would utilize the methodology of a "coding expert" to prove a reduction benefit from some legitimate services, and contrary to the Government's contention that Defendant would require an expert's medical opinion as to each of his patients, Defendant has not yet articulated a methodology. Defendant concludes that it wants to ascertain, citing *Mahmood*, "what the Court will authorize [with regard to Defendant establishing a fair market value of the services rendered by the defendant] and then formulate a course of action in compliance with same." (Dkt. #108 p.2).

<u>United States v. Mahmood, 820 F.3d 177 (5th Cir. 2016)</u>

As noted *infra*, Defendants requests that this Court follow the Fifth Circuit decision in *Mahmood*. This Court has read *Mahmood* and hereinafter notes and quotes particular portions of that Opinion. In *Mahmood*, the Fifth Circuit noted that Medicare, not the defendants patients, was the victim of the defendant's fraud for purposes of the fair-market-value credit in U.S.S.G. 2B1.1, comment, (N.3 (E)(I), and that Medicare pays for treatments that meet its standard, and that Medicare receives value when its beneficiaries receive legitimate health care for which Medicare would pay but for a fraud. The Fifth Circuit further held that the Defendant bears "the burden to proffer evidence that the services his hospitals rendered to patients were legitimate and that Medicare would have paid for those services but for his fraud." *Mahmood* at 194.

The Fifth Circuit held "that Mahmood carried his burden at sentencing to show that his hospitals rendered legitimate services to patients and that Medicare would have paid substantial sums for those services had not to be a fraudulently billed item." The Fifth Circuit noted: "At trial, the Government's entire theory of Mahmood's guilt was that coders at his hospitals accurately coded Medicare claims, and that these claims were tainted only when Mahmood fraudulently switched the order of diagnosis codes on the claims. The Government's own expert 'priced' the eighty-five identified claims and testified that Medicare would have reimbursed Mahmood's hospitals $430,639.00 if the claims had been submitted without Mahmood's fraud. Mahmood pointed to this 'pricing'

4

evidence at sentencing, and the Government proffered no rebuttal evidence tending to suggest that Medicare would not have paid for the services underlying the expert's pricing calculation or that the services were not actually provided. Absent such contrary evidence, the district court's refusal, without explanation, to credit Mahmood for the $430,639.00 that Medicare would have reimbursed his hospitals but for his fraud was a legally unacceptable method of calculating the loss."

In conclusion, the Fifth Circuit pointed out that the Medicare beneficiaries at Mahmood's hospitals received legitimate Medicare-approved services, which only became "illegitimate sometime after the fact when Mahmood fraudulently billed them to Medicare." *Mahmood* at 195.

CONCLUSION

This Court, of course, will follow Sentencing Guideline §2B1.1 and the relevant Commentary Application Note 3.

This Court neither adopts nor rejects the Fifth Circuit decision in *United States v. Mahmood*, 820 F.3d 177 (5th Cir. 2016). This Court will consider it, along with other relevant decisions, statutes, and Sentencing Guidelines with regard to Defendant's pleadings regarding "loss" under U.S.S.G. 2B1.1, App. Note 3.

This Court Orders Defendant to provide it's "loss" pleadings and methodology, and relevant authority and expert reports to the Government and the Court by August 25, 2016. The Court further Orders the Government to file any response, relevant authority

5

and expert reports to the Defendant and the Court by September 23, 2016.

SO ORDERED.

DATED: JUL 2 5 2016

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE